Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Jared A. Day, Trial Attorney
State Bar No. CA 275687
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Booth Street, Room 3009
Reno, NV 89509
Telephone: (775) 784-5530
E-mail: *jared.a.day@usdoj.gov*

Attorneys for Peter C. Anderson
United States Trustee for Region 17

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>2700 SLOAT HOLDING, LLC<br><br>Debtor. | Case No: 25-50584-hlb<br><br>Chapter 11<br><br>Hearing Date: September 9, 2025<br>Hearing Time: 2:30 p.m. |

**LIMITED OPPOSITION OF THE UNITED STATES TRUSTEE TO MOTION OF SECURED CREDITOR LOAN OAK FUND, LLC TO EXCUSE COMPLIANCE WITH TURNOVER OF CERTAIN REAL PROPERY SUBJECT TO STATE COURT RECEIVERSHIP UNDER BANKRUPTCY CODE SECTION 543(d)**

Peter C. Anderson, the United States Trustee for Region 17 ("U.S. Trustee"), by and through his undersigned counsel, hereby files this *Limited Opposition* ("Limited Opposition") *to the Motion of Secured Creditor Loan Oak Fund, LLC to Excuse Compliance With Turnover of Certain Real Property Subject to State Court Receivership Under Bankruptcy Code Section 543(d)* (the "Motion").[1] *See* ECF No. 41.

## I. INTRODUCTION

1. Excusal from turnover does not bestow a custodian with the powers of a debtor in possession or chapter 11 trustee. Section 105(b) prohibits the appointment of a receiver under

[1] Hereafter, all references to "section" in this response are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.

any circumstance. Only debtors in possession or chapter 11 trustees may manage the affairs of chapter 11 debtors.

2. It is unclear whether the prepetition receivership order vests the receiver with substantially all of the functions and responsibilities of a debtor in possession or a trustee because neither a copy of the state court's order nor a proposed order associated with the Motion appear to be included in the moving papers. Thus, the extent and scope of the state court receiver's excusal request is indefinite.

3. If the Court excuses the receiver from complying with section 343's turnover obligations, the receiver's rights should be limited to maintaining physical custody and care of Debtor's real property for a limited duration pending abstention, case dismissal, conversion, or the appointment of a chapter 11 trustee.

4. The U.S. Trustee reserves all rights, including, but not limited to, her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the District of Nevada.

5. The U.S. Trustee's Limited Opposition is supported by the following memorandum of points and authorities and any argument that the Court may permit during the hearing.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background and Procedural Posture

6. On June 26, 2025, Debtor 2700 Sloat Holding, LLC ("Debtor") filed a voluntary Chapter 11 petition ("Petition") commencing the above-captioned case. *See* ECF No. 1.[2]

[2] The U.S. Trustee requests that the Court take judicial notice of Debtor's Petition, schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case under Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of Debtor under Fed. R. Evid. 801(d). "ECF No. __" refers to documents filed on the bankruptcy docket for the above-captioned chapter 11 case.

7. Debtor is represented by J. Craig Demetras of Demetras Law. *See* ECF Nos. 14 *and* 36.

8. The U.S. Trustee has not appointed an official committee of unsecured creditors in this case due to a lack of sufficient interest. *See* ECF Docket *generally.*

9. The Meeting of Creditors under 11 U.S.C. § 341(a) was conducted and concluded on August 4, 2025. *See* ECF Nos. 3 *and* 39.

**B. Secured Creditor Loan Oak Fund, LLC's Motion**

10. On August 11, 2025, secured creditor Loan Oak Fund, LLC (the "Secured Creditor") filed the Motion, which is scheduled for hearing on the above-captioned date and time. *See* ECF Nos. 41 *and* 46.

11. The Secured Creditor requests that the Court enter an order excusing the prepetition state court receiver, Kevin Singer of Receivership Specialists, from compliance with sections 543(a) and (b) as permitted by section 543(d) of the Bankruptcy Code regarding Debtor's real property located at 2700-2750 Sloat Boulevard, San Francisco, CA 94116 (the "Real Property"), an 8,000 square foot retail building on a combined 38,095 square foot lot. *See* ECF No. 41 *generally*. Neither a copy of the receivership order issued by the state court (San Francisco County Superior Court Case No. CGC-25-622590) nor a proposed order associated with the Motion are included in the Secured Creditor's moving papers. *Id.* Thus, the extent and scope of the state court receiver's excusal request is indefinite.

12. According to the Secured Creditor, upon the receiver taking possession of the Real Property, the receiver discovered that Debtor had absconded with over $415,000 of advance rents paid to Debtor by its sole tenant, Sloat Garden Center. *Id.* at 12.

13. The Secured Creditor also contends that Debtor failed to use the rent proceeds to pay the required taxes, insurance, principal, interest, and maintenance associated with Debtor's obligations pertaining to the Real Property. *Id.*

14. In addition, the Secured Creditor maintains that Debtor has little to no equity in the Real Property, which was facing imminent foreclosure prior to the Petition date in this case. *Id.* at 8.

## III. AUTHORITIES AND DISCUSSION

15. The receiver appointed by the state court to manage Debtor's Real Property prepetition is a custodian as that term is defined by 11 U.S. C. § 101(11). As such, the receiver is subject to 11 U.S.C. § 543(b), which requires a custodian, upon learning of the commencement of a bankruptcy proceeding, to turn over property of the estate to the debtor in possession (or to the trustee if one has been appointed), and to provide an accounting for "any property of the debtor, or proceeds, product, offspring, rents, or profits of such property that, at any time, came into the possession, custody, or control of such custodian." 11 U.S.C. § 543(b)(2).

16. Thus, section 543 of the Bankruptcy Code generally contemplates that the receivership will end, defining procedures for winding down the receivership and transitioning to a debtor in possession or trustee. For example,

- Section 543(a) provides that the receiver ceases disbursements and administration when a bankruptcy is filed "except as necessary to preserve such property."
- Section 543(b) provides that a receiver "shall deliver to the trustee any property of the debtor held by or transferred to such custodian" and file an accounting with the Bankruptcy Court.

- Section 543(c) defines procedures for compensating the receiver with "reasonable compensation" and for honoring obligations that the receiver entered.

Recognizing this structure, in *Szwak v. Earwood (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.)*, the Fifth Circuit noted that a receiver's "position and authority change[s] from a state-law liquidator … to a federally superseded custodian of a bankruptcy estate" when a bankruptcy case is filed. 592 F.3d 664, 670 (5th Cir. 2009).

**A. Even Where Excused From Turnover, Custodians Are Not Bestowed With the Powers of a Debtor In Possession or Chapter 11 Trustee.**

17. The Bankruptcy Code provides bankruptcy courts with the discretion to excuse custodians from compliance with their turnover and accounting obligations if doing so would serve the interests of all creditors and, where applicable, a debtor's owners. *See* 11 U.S. C. § 543(d)(1). *See also In re Picacho Hills Util. Co.*, 2013 Bankr. LEXIS 1733 at *7 (Bankr. D.N.M. April 26, 2013).

18. Section 543(d)(1) alters the presumption in sections 543(a), (b), and (c), permitting abstention and allowing the court to "excuse compliance with (a), (b), or (c) … if the interests of creditors and, if the debtor is not insolvent, the interest of equity holders would be better served by permitting the custodian to continue in possession, custody, or control." 11 U.S.C. § 543(d). "Subsection (d) reinforces the general abstention policy in section 306 by permitting the bankruptcy court to allow the receiver to proceed notwithstanding this section." H.R. Rep. No. 595, 95th Cong., 1st Sess. 370 (1977); S. Rep. No. 989, 95th Cong. 2d Sess. 84-85 (1978).

19. However, section 543(d) does not contemplate that a receiver may become bankruptcy management or a trustee. Under section 543 of the Bankruptcy Code, the state court

receiver is neither a debtor in possession nor a trustee and therefore cannot act in either of those capacities. *In re 400 Madison Ave. Ltd. P'ship*, 213 B.R. 888, 894 (Bankr. S.D.N.Y. 1997); *see also In Plantation Inn Partners*, 142 B.R. 561, 563-64 (Bankr. S.D. Ga. 1992) (improper to vest receiver with obligations of debtor in possession); 5 Collier on Bankruptcy ¶ 543.05 (16th ed. 2025); *but see Adams v. Marwil (In re Bayou Group, LLC)*, 564 F.3d 541, 548 (2d Cir. 2009) (holding a federal district court appointed receiver was authorized by the terms of his appointment order to manage the debtors in bankruptcy and decided before *Szwak*).[3]

20. The maximum relief available merely allows a custodian "to continue in possession, custody, or control of such property." 11 U.S.C. § 543(d)(1). And this limited scope is supported by the Supreme Court's holding in *Taylor v. Sternberg* because upon the filing of a bankruptcy case "the jurisdiction of the bankruptcy court becomes paramount and exclusive." 293 U.S. 470, 472 (1935). *Sternberg* further holds that the "power of the state court … ceased; and its order fixing the compensation of the receiver and his counsel was a nullity because [it was] made without jurisdiction, such jurisdiction then having passed to the bankruptcy court." *Id.* at 473.

21. Courts have considered various factors in weighing whether to excuse turnover under section 543(d). For example, the *400 Madison Ave. Ltd. P'ship* court suggested the

---

[3] *Bayou* does not comport with the Fifth Circuit's discussion in *Szwak* and, as the Bayou district court recognized, *Bayou* created a "bankruptcy loophole" under circumstances that would "rarely occur." *Bayou Group*, 363 B.R. at 688-90. *Bayou* involved a federal equity receivership order granted by the district court in the division where the bankruptcy was filed. The order appointed a third party both as receiver and as a corporate manager to supplant the entity's principals who had engaged in fraudulent activity. The order specifically defined management responsibilities and bankruptcy considerations. *See Adams v. Marwil (In re Bayou Group, LLC)*, 363 B.R. 674, 683 (S.D.N.Y. 2008) (discussing the actions the same district court took in the receivership in the context of bankruptcy appeal), aff'd, 564 F3d. 541. Since the state court's receivership was entered prepetition, it is unlikely that any bankruptcy related issues were contemplated at that time. Thus, conflicts between the bankruptcy statutes and the state court receivership order are more likely to arise in this case than in *Bayou*.

following factors: (i) successful reorganization is unlikely; (ii) there is insufficient income to fund a reorganization; (iii) the debtor will not use the property for the benefit of all creditors; (iv) the debtor has mismanaged the property prior to the receivership; (v) the receiver has acted appropriately and expeditiously. 213 B.R. at 895-98. While these reasons may support excusing turnover, many of these factors are grounds for the appointment of a chapter 11 trustee. *See* 11 U.S.C. § 1104 (setting forth non-exclusive list of factors establishing "cause" to appoint a chapter 11 trustee).

**B. If the Court Excuses the Receiver from Complying with His Turnover Obligations, the Receiver's Rights Should be Limited to Maintaining Physical Custody and Care of Debtor's Real Property for a Limited Duration.**

22. In this case, it is unclear whether the prepetition receivership order vests the receiver with substantially all of the functions and responsibilities of a debtor in possession or a trustee because a copy of the state court's order does not appear to be included with the Motion. *See* ECF No. 41. However, if it does, and the Court is inclined to grant the Motion excusing turnover of the Real Property, the Court should ensure that the order does not allow the receiver to act as a substitute for Debtor's management or a chapter 11 trustee.

23. Keeping a receiver in place permanently is contrary to the intent of the procedures under section 543 and would be the equivalent of appointing a receiver in the bankruptcy case, which is directly prohibited by the Bankruptcy Code. *See In re Stratesec, Inc.*, 324 B.R. 156, 157 (Bankr. D. Colo. 2004); 11 U.S.C. § 105(b).

24. This receiver was appointed by, and answerable to, the state court and not the Bankruptcy Court. The unworkability of this situation only highlights that excusing a receiver from compliance with section 543 on anything other than a short-term basis is contrary to the provisions of the Bankruptcy Code. For example, the receiver's professionals, if any, have not

been approved by this Court under section 327, and their fees and expenses are not subject to this Court's approval. Moreover, the receiver's professionals do not and cannot satisfy section 327(a), which authorizes the debtor in possession (or chapter 11 trustee) to employ professionals. Neither the receiver nor their professionals are employed by Debtor, nor could they be under the requirements of section 327(a). And section 330 refers to a trustee or a professional person employed under sections 327 or 1103. *See* 11 U.S.C. §§ 327 and 1103.

25. If the receivership order also authorizes the receiver to sell the Real Property (*i.e.*, property of the chapter 11 estate) without the approval of this Court, or even if the receiver were to agree to also obtain this Court's approval, this would not render the receiver's activities consistent with the Code. Indeed, it emphasizes the problem: the chapter 11 debtor's fiduciary duty to the bankruptcy estate's creditors would be placed in the hands of the receiver, who is neither a debtor in possession, trustee, or officer of this Court. Accordingly, any functions and responsibilities of a debtor in possession or a trustee arising from the state court's order, the Motion, and/or the proposed order that are inconsistent with the Bankruptcy Code should not be approved.

26. If the Court finds that the facts of this case warrant removing Debtor from possession, abstention, dismissal of the case, conversion or, alternatively, the appointment of a chapter 11 trustee would be the appropriate remedy. A trustee has statutorily defined duties under sections 1106 and 704 and is subject to a background check, bonding, and appointment by the U.S. Trustee after input from creditors. There is no basis in the Bankruptcy Code to deviate from these established procedures.

/ / /

## IV. CONCLUSION

WHEREFORE, based on the foregoing, the U.S. Trustee requests that the Court sustain her Limited Opposition and grant such other relief as is just under the circumstances.

Dated: August 25, 2025

PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ *Jared A. Day*
Jared A. Day
Trial Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

I, Ana Betancourt, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on August 25, 2025, I caused a copy of the forgoing

**LIMITED OPPOSITION OF THE UNITED STATES TRUSTEE TO MOTION OF SECURED CREDITOR LOAN OAK FUND, LLC TO EXCUSE COMPLIANCE WITH TURNOVER OF CERTAIN REAL PROPERY SUBJECT TO STATE COURT RECEIVERSHIP UNDER BANKRUPTCY CODE SECTION 543(d)**

to be served on the following parties:

a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- **SIMON ARON** saron@wrslawyers.com
- **CHAPTER 11 - RN** USTPRegion17.RE.ECF@usdoj.gov
- **J CRAIG DEMETRAS** mail@demetras-oneill.com, jcd@demetraslaw.com
- **ELSA M. HOROWITZ** ehorowitz@wrslawyers.com, jlee@wrslawyers.com
- **ROYI MOAS** rmoas@wrslawyers.com, mshield@wrslawyers.com
- **U.S. TRUSTEE - RN - 11** USTPRegion17.RE.ECF@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2025

*/s/ Ana Betancourt*
Ana Betancourt
Paralegal Specialist
for the United States Trustee