ROYI MOAS (State Bar No. 10686)
rmoas@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3773 Howard Hughes Parkway, Suite 590
South Las Vegas, Nevada 89169
Telephone: (702) 341-5200
Facsimile: (702) 341-5300

SIMON ARON (CA State Bar No. 108183) (admitted pro hac vice)
saron@wrslawyers.com
ELSA M. HOROWITZ (CA State Bar No. 195689) (admitted pro hac vice)
ehorowitz@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Secured Creditor
LONE OAK FUND, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>2700 SLOAT HOLDINGS, LLC,<br><br>Debtor. | Case No. 25-50584-hlb<br><br>Chapter 11<br><br>**REPLY TO OBJECTION TO MOTION OF SECURED CREDITOR LOAN OAK FUND, LLC TO EXCUSE COMPLIANCE WITH TURNOVER OF CERTAIN REAL PROPERTY SUBJECT TO STATE COURT RECEIVERSHIP PURSUANT TO BANKRUPTCY CODE § 543(d); DECLARATION OF SIMON ARON IN SUPPORT THEREOF**<br><br>Judge: Hon. Hilary L. Barnes<br><br><u>Hearing Information:</u><br>Date: September 9, 2025<br>Time: 2:30 p.m.<br>Place: Courtroom 2<br>C. Clifton Young Federal Building<br>300 Booth Street<br>Reno, NV 89509 |

**COMES NOW** Lone Oak Fund, LLC, a California limited liability company, the secured creditor herein ("<u>Lone Oak</u>"), and replies to the Objection ("<u>Objection</u>") of debtor

2700 Sloat Holding, LLC (the "Debtor") to Lone Oak's Motion for an order excusing compliance with 11 U.S.C. § 543(a) and (b) (the "Motion") with respect to that certain real property located at 2700-2750 Sloat Boulevard, San Francisco, California 94116 (the "Property").[1]

## I.

## INTRODUCTION

The Debtor's Objection is remarkable for what it does not say. First, it utterly and completely avoids all of the facts and grounds upon which the Motion is based. The Objection and Declaration of Raelynn Hickey ("Hickey"), the Debtor's manager and sole member, fail to address any of the facts asserted in the Motion, including:

* In November and December of 2024, Debtor and Hickey collected from the Property's sole tenant, Sloat Garden Center ("Tenant"), prepaid rents for November 2024 through August 2025 in the amount of $415,584.59 (the "Prepaid Rents");

* None of the Prepaid Rents were used to pay real property taxes, mortgage payments to Lone Oak or to the junior lien holder, Aminam or other for the care, maintenance or preservation of the Property;

* Even after the State Court ordered the Debtor and Hickey to show cause why it should not be required to return or repay the Prepaid Rents (the "OSC") by: (1) providing an explanation and accounting supported by up-to-date financial statements, ledgers, invoices and other supporting documentation as to how the Prepaid Rents were spent; and (2) providing a declaration from Hickey supported by up-to-date documentation accounting for the expenditures made to Hartford Insurance, Pacific Workplaces, Jeffer, Mangels and Veriliant, the Debtor and Hickey completely failed to provide any

[1] The Office of the United States Trustee (the "UST") also filed a Limited Opposition to the Motion [Dkt. 47]. Subsequently, the UST filed a Supplement to the Limited Opposition [Dkt. 59]. As shown in the Supplement, the receiver has authority limited to collecting rents and preserving the Property. Lone Oak agrees with the Supplement filed by the UST and further response, if any, would be presented at the time of the hearing.

explanation or accounting. *See,* Request for Judicial Notice ("RJN") filed concurrently with the Motion [Dkt. 42], **Exs. "H"**, **"I"**, **"J"**; and,

* The rents to be generated by the Property starting September of 2025 are insufficient to cover the taxes, mortgage payments and operating expenses and are Lone Oak's cash collateral. The receiver will ensure that all rents are properly accounted for and only used to preserve and protect the Property. *See,* RJN **Ex. "F"**, p. 89, ¶ 27 (1)-(4).[2]

Secondly, and even worse, Hickey's Declaration is entirely non-responsive and confirms by omission that she absconded with over $415,000.00 of the Debtor's funds and Lone Oak's collateral. None of the facts alleged in Hickey's Declaration address the disposition or whereabouts of the Prepaid Rents collected in November and December of 2024. Rather, Hickey asserts numerous payments and related facts that pre-date November of 2024 and no subsequent facts respecting the whereabouts or disposition of the Prepaid Rents.

Relief under Section 543(d) is therefore necessary and appropriate in order to: (i) protect the Property from further waste and injury; (ii) ensure the Property taxes are paid; (iii) ensure that the Property remains adequately insured; and (iv) ensure that the Property remains protected pending a determination on Lone Oak's Motion for relief from the automatic stay under 11 U.S.C. §362(d)(1) and (2). Dkt. 52.[3] Accordingly, it is respectfully submitted that Debtor's Objection be overruled and an order be entered excusing the receiver from complying with 11 U.S.C. § 543(a) and (b), and authorizing the receiver to remain in possession of the Property pursuant to 11 U.S.C. § 543(d).

---

[2] Order appointing receiver, RJN, **Ex. "F"**, ¶ 27 provides that after a bankruptcy case is commenced: "(1) The receiver may continue to collect rents and other income; (2) The receiver may make only those disbursements necessary to preserve and protect the property; (3) The receiver shall not execute any new leases or other long-term contracts; and (4) The receiver shall do nothing that would effect a material change in the circumstances of the property."

[3] Hearing is set for September 23, 2025.

## II.

## HICKEY'S DECLARATION IS NON-RESPONSIVE AND IRRELEVANT

Hickey's Declaration does not even attempt to account or explain the loss of the Prepaid Rents collected by her in November and December of 2024. Rather, similar to her Declaration filed in the State Court in response to the OSC, Hickey sets forth facts or assertions that pre-date November of 2024. Hickey's failure and avoidance to refute the evidence that she absconded with the Prepaid Rents is an admission. This fact alone supports granting the Motion.

Further, other than paragraphs 1, 2, 3, 16 and 17, Hickey's Declaration is irrelevant in these proceedings. Rules 401 and 402 of the Federal Rules of Evidence provides that evidence is relevant and therefore admissible if the fact asserted is of consequence in determining the action. Other than her admission by omission, nothing in Hickey's Declaration is relevant to the determination of the Motion.

## III.

## DEBTOR'S OBJECTION SHOULD NOT BE OVERRULED

The Objection was late filed on August 27, 2025 [Dkt. 54]. Local Rule 9014(d) states in relevant part: "any opposition to a motion must be filed, and service of the opposition must be completed on the movant, no later than fourteen (14) days preceding the hearing date for the motion." The 14th day preceding the hearing on the Motion was August 26, 2025. As set forth in the attached Declaration of Simon Aron, Debtor's counsel was well aware of the deadline and had no reason for its late submission. The Objection also fails to provide any explanation or excuse.

Moreover, the Objection is replete with outright misstatements and false citations. Incredibly, Debtor contends without any evidence that "There are … no allegations of pre-petition mismanagement of the property other than the failure to pay the Lone Oak note and property taxes current."[4] Objection, p. 7, ll. 19-21. The record is clear that the Debtor's

---

[4] The Objection also asserts that there are no allegations of post-petition

loss of the Prepaid Rents caused taxes to be unpaid, payments to be missed to Lone Oak and other creditors. Not even Hickey in her declaration makes this assertion.

The Objection cites the Court to *In re Wallace*, 2011 Bankr. LEXIS 4382, which is an unreported case from Idaho, and *In re Orchards Village Investments, LLC*, 405 B.R. 341 (Bankr. D. Or. 2009) for the proposition that one factor to consider under Section 543 is "Whether the receiver has acted appropriately and expeditiously" citing *In re Wallace* (citing *In re Orchards Village Invs., LLC*, 405 B.R. 341, 352 (Bankr. D. Or. 2009). Nowhere in any of these decisions is any such requirement stated. More importantly, each of these citations actually support the granting of the Motion.

In *Orchards Village,* the Court stated: "If turnover is opposed, courts consider a number of factors in determining whether to order turnover, including '(1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the property for the benefit of its creditors; and (3) whether there has been mismanagement by the debtor.' (Citation omitted)." *Id.,* p. 353. More importantly, the court in that case found that "considering any of those three factors in light of the evidentiary record of the Hearing, requiring turnover of the assets and business operations of Orchards Village by the Receiver to the Debtor is not appropriate." *Id.*

> Finally, the evidentiary record reflects mismanagement of Orchards Village prior to the receivership. First and foremost, during the period that the Debtor was in default of its Loan obligations to the Bank and was not paying other creditor obligations, including unpaid real property taxes that by the time of the Debtor's bankruptcy filing had accumulated to $299,009.38 (citation omitted), Farmington continued to make payments equating to an 11% return to some equity investors that totaled over $74,000 during 2008. Mr. Chamberlain admitted during his testimony that continuing to make those payments was a "mistake." It certainly was not a reasonable exercise of business judgment where the Debtor was not paying its debts as they became due in the ordinary course of its business, as it obviously was not.

*Id.,* p. 353-4.

---

mismanagement of the property, which is laughable given the Property remains in the possession and control of the receiver.

The present case is analogous to O*rchards Village*. Here the Debtor was in default of Lone Oak's senior secured obligations, it was not paying real property taxes or other secured and unsecured creditors despite having collected over $415,000 in Prepaid Rents. The Debtor's own Schedules and Statement of Financial Affairs show that it had no income for all of 2025, a total of $24.39 in cash in its account and an operating deficit of <$83,951.82> per month. RJN, **Ex. "A"**, pp. 24, 8 and 22, respectively.

The Objection purposely misstates the Order appointing the receiver in this case. The appointing Order, **Ex. "F"** to Lone Oak RJN, at ¶ 27 specifically states:

> b. *Remain in possession pending resolution.* If the party who obtained the receivership intends to seek relief immediately from both the automatic stay and the receiver's obligation to tum over the property, **the receiver may remain in possession and preserve the property pending the ruling on those motions (11 U.S.C. § 543(a)).** (Emphasis added).

As set forth in the attached Declaration of Simon Aron, Lone Oak advised the receiver on July 1, 2025 that it intended to seek the retention of the receiver for the Property and relief from the automatic stay, and the receiver confirmed his intent to proceed under subsection b quoted above.

The Objection asserts that "Lone Oak failed to comply with the terms of the state court Order Appointing Receiver." Objection, p. 6, ll. 23-25. However, the provision relied upon by Debtor has no applicability to Lone Oak, in that Lone Oak is not the party in possession of the Property or charged with turnover under Section 543. That provision of the Order appointing the receiver, Section 27(c), states: "*Turn over property if no motion for relief is filed within 10 days after notice* of *the bankruptcy.* If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the **receiver shall** immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543." (Emphasis added). RJN, **Ex. "F"**, p. 89. Thus, reading ¶ 27 of the appointing Order in its

entirety, it is the receiver's decision to take action either under subsection (b) or (c).[5]

The Objection is wholly unsupported by evidence or relevant authorities. In fact, the Objection confirms the underlying facts and grounds underlying the Motion and should be overruled.

## IV.

## CONCLUSION

For all the reasons set forth in the Motion and herein, Lone Oak submits that an order should be entered excusing the receiver from complying with 11 U.S.C. § 543(a) and (b), and authorizing the receiver to remain in possession of the Property pursuant to 11 U.S.C. § 543(d).

DATED: September 2, 2025

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: */s/ Simon Aron*
SIMON ARON
Attorneys for Secured Creditor, Lone Oak Fund, LLC, a California limited liability company

[5] The appointing Order further provides in paragraph 28: "**Failure to turn over property.** A receiver who fails to turn over the property in accordance with this order shall not be paid for time and expenses after the date on which the receiver should have turned the property over." (Emphasis in original). RJN, **Ex. "F"**, p. 89.

# DECLARATION OF SIMON ARON

I, Simon Aron, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am of counsel at Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, attorneys of record for secured creditor Lone Oak Fund, LLC ("Lone Oak"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. On July 1, 2025, I, on behalf of Lone Oak, advised Kevin Singer, the receiver appointed over the real property located at 2700-2750 Sloat Boulevard, San Francisco, CA 94116 (the "Property") and his attorney Jackson Wyche that Lone Oak intended to seek an order excusing the receiver from turning over the Property to the debtor-in-possession. Mr. Singer and Mr. Wyche confirmed their intention to proceed under paragraph 27.b. of the appointing Order (*see,* Request for Judicial Notice ("RJN") filed concurrently with the Motion [Dkt. 42], **Ex. "F"**) and retain possession and control over the Property.

3. On August 26, 2025, I received a telephone call from J. Craig Demetras, counsel of record for debtor 2700 Sloat Holding, LLC ("Debtor") regarding Lone Oak's Motion to excuse the Receiver's turnover of the Property pursuant to 11 U.S.C. §543(d). Mr. Demetras acknowledged that Debtor's opposition was due that day, August 26. We discussed a possible stipulation regarding the Motion, which later did not come to fruition. At no time did Mr. Demetras provide me with any reason or explanation why the Debtor's opposition could not be filed timely on August 26, 2025.

/ / /

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed September 2, 2025, at Los Angeles, California.

Simon Aron

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, a true and correct copy of **REPLY TO OBJECTION TO MOTION OF SECURED CREDITOR LOAN OAK FUND, LLC TO EXCUSE COMPLIANCE WITH TURNOVER OF CERTAIN REAL PROPERTY SUBJECT TO STATE COURT RECEIVERSHIP PURSUANT TO BANKRUPTCY CODE § 543(d); DECLARATION OF SIMON ARON IN SUPPORT THEREOF** was served via the United States District Court CM/ECF system and/or electronic mail on all parties or persons requiring notice:

- SIMON ARON saron@wrslawyers.com
- CHAPTER 11 - RN USTPRegion17.RE.ECF@usdoj.gov
- J CRAIG DEMETRAS mail@demetras-oneill.com, jcd@demetraslaw.com
- ELSA M. HOROWITZ ehorowitz@wrslawyers.com, jlee@wrslawyers.com
- ROYI MOAS rmoas@wrslawyers.com, mshield@wrslawyers.com
- U.S. TRUSTEE - RN - 11 USTPRegion17.RE.ECF@usdoj.gov
- JARED A. DAY jared.a.day@usdoj.gov

By Jean Lee

Jean Lee, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP