ROYI MOAS (State Bar No. 10686)
rmoas@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3773 Howard Hughes Parkway, Suite 590
South Las Vegas, Nevada 89169
Telephone: (702) 341-5200
Facsimile: (702) 341-5300

SIMON ARON (CA State Bar No. 108183) (admitted pro hac vice)
saron@wrslawyers.com
ELSA M. HOROWITZ (CA State Bar No. 195689) (admitted pro hac vice)
ehorowitz@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Secured Creditor
LONE OAK FUND, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>2700 SLOAT HOLDINGS, LLC,<br><br>Debtor. | Case No. 25-50584-gs<br><br>Chapter 11<br><br>**SECURED CREDITOR LONE OAK FUND, LLC'S EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE SUPPLEMENTAL DECLARATION OF RAELYNN HICKEY IN SUPPORT OF DEBTOR'S OBJECTION TO MOTION OF SECURED CREDITOR LONE OAK FUND, LLC FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION IN SUPPORT THEREOF**<br><br>Judge: Hon. Gary A. Spraker<br><br>Hearing Information:<br>Date: September 30, 2025<br>Time: 1:30 p.m.<br>Place: Zoom Hearing |

**COMES NOW** Lone Oak Fund, LLC, a California limited liability company, the secured creditor herein ("Lone Oak"), and requests to strike the untimely and unauthorized Supplemental Declaration of Raelynn Hickey (the "Supplemental Declaration") (Dkt. 74)

filed in support of the Objection ("Objection") of debtor 2700 Sloat Holding, LLC (the "Debtor") (Dkt. 65) to Lone Oak's Motion for relief from the automatic stay (the "Motion") (Dkt. 48) and, in the alternative, submits its Evidentiary Objections to thereto as follows:

**A. The Supplemental Declaration Must Be Stricken**

The Supplemental Declaration was neither timely filed, nor authorized by Local Rule. Local Rule 9014(d) requires that the filing of "any opposition to a motion …, no later than fourteen (14) days preceding the hearing date for the motion." The Supplemental Declaration is untimely and was not otherwise authorized by the Court as required under Local Rule 9014(d)(3). There is no excuse of explanation offered for why the Supplemental Declaration and the exhibits attached thereto could not have been filed timely in accordance with Local Rule 9014(d).

As set forth in the following Declaration of Simon Aron, Hickey testified at the Debtor's 341a meeting that a copy of the appraisal was then available and Debtor's counsel even represented that a copy would be provided to counsel for Lone Oak, which, of course, was never received. *See,* Declaration of Simon Aron, **Ex. "A"**, pp. 18-19, ll. 12 - 5.

The Supplemental Declaration is obviously prejudicial and should be not considered at this continued preliminary hearing any more than it could have been considered at the original preliminary hearing on September 23, 2025.

**B. Evidentiary Objections to the Supplemental Declaration**

1. Hickey Declaration, ¶¶ 6,7,11 and Exhibit "B":

Objection is made under Federal Rule of Evidence ("F.R.E.") Rule 802 as hearsay since no foundation has been provided for the document or its contents authored by another; Rule 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Rule 1004 (evidence offered to prove the contents of an original writing or recording is *not* admissible, unless the original or a duplicate itself is *also* admitted. *United States v.*

*Chavez*, 976 F.3d 1178, 1194 (10th Cir. 2020)) and no exception applies to requirement of an original or duplicate of the document to allow evidence of its contents; and also under F.R.E. Rule 701 as an improper lay opinion requiring a legal or other expert opinion.

On its face, the appraisal attached is hearsay, was not even prepared for the Debtor or Hickey, but for Aminam LLC, the junior lien holder, and cannot be admitted into evidence. Hickey can have no personal knowledge or information upon which to base any opinion of value therefrom. Moreover, on its face, the appraisal's value "As-if" is based upon ***"The value presented in this appraisal assumes the proposed improvements as described in this request (as provided by the Client) would fully permitted by the San Francisco Planning and Building Departments."***(Emphasis is original). Exhibit "B", p. 8. It continues that "[A]t the request of the **client**" (not the Debtor or Hickey), a highest and best use for the subject 'As-if' vacant and ready for development was developed." *Id.,* p. 9. As established this "As-if" value is not the current value of the Property and is therefore irrelevant for purposes of the Motion.

For all the reasons set forth hereinabove, Lone Oak submits that the Supplemental Declaration be stricken and not considered by the Court or, in the alternative, the foregoing statements and document are inadmissible and should not be considered in ruling on the Motion

DATED: September 26, 2025

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: */s/ Simon Aron*
SIMON ARON
Attorneys for Secured Creditor, Lone Oak Fund, LLC, a California limited liability company

**DECLARATION OF SIMON ARON**

I, Simon Aron, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am of counsel at Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, attorneys of record for Lone Oak Fund, LLC ("Lone Oak"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached hereto as **Ex. "A"** are true and correct copies of pages 18-19 of the Transcript of the 341a Meeting of Creditors held August 4, 2025 cited to in the attached Request to Strike.

3. Since the date of the 341a Meeting of Creditors, no copy of any appraisal was received by me or anyone else at the office of counsel to Lone Oak.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed September 26, 2025, at Los Angeles, California.

Simon Aron

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA
Case No. 25-50584-hlb
- - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

2700 SLOAT HOLDINGS, LLC,

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - x
United States Bankruptcy Court
C. Clifton Young Federal Building
300 Booth Street
Reno, NV 89509

August 4, 2025
2:00 P.M.

341 Meeting of Creditors

B E F O R E:
JARED DAY
TRUSTEE

A P P E A R A N C E S :

UNITED STATES DEPARTMENT OF JUSTICE
Attorney for the U.S. Trustee
300 Booth Street, Room 3009
Reno, NV 89509

BY: JARED A. DAY

DEMETRAS LAW
Attorney for the Debtor
230 E. Liberty Street
Reno, NV 89501

BY: J. CRAIG DEMETRAS

WOLF RIFKIN SHAPIRO SCHULMAN & RABKIN, LLP
Attorney for Lone Oak Fund, LLC
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, NV 89169

BY: ELSA HOROWITZ

ALSO PRESENT:

RAELYNN HICKEY, Debtor's Representative

MS. NEUDECKER

MR. GILL

Transcribed by: Sonya Ledanski Hyde

meeting. The United States Trustee keeps these recordings for two years after a Chapter 11 case is closed. If there is anyone on the line today that would like a duplicate copy of the audio file associated with this meeting, you can send me an email. We'll make arrangements to get it to you. Any transcripts would have to be obtained at your own expense, but we can provide the audio file.

And my email address is Jared -- it's J-A-R-E-D. A as in apple. Day, D-A-Y@usdoj.gov. So, that's jared.a.day@usdoj.gov.

There's no attendance sheet circulating. I'll keep a record of those that participate on my end of the line, and we'll start by taking an appearance from Debtor's proposed general bankruptcy counsel.

MR. DEMETRAS: Craig Demetras on behalf of the Debtor.

MR. DAY: Okay. Perfect. And then we have the Debtor's responsible individual on the line, and, ma'am, I'll have you state your full name for the record.

MS. HICKEY: Raelynn Hickey.

MR. DAY: And Ms. Hickey, please raise

your right hand. Do you swear or affirm to tell the truth, the whole truth, and only the truth here today?

MS. HICKEY: I do.

MR. DAY: Okay. And we may have requested a proof of photo identification for you but certainly not proof of social security number. This is not an individual case. It's a corporate filing. But Mr. Demetras, is Ms. Hickey there with you on your end of the line or are you on separate lines?

MR. DEMETRAS: We're on separate lines. She's in her office and I'm in my office.

MR. DAY: Okay. I'll just have you, Mr. Demetras, confirm for the record that you recognize Ms. Hickey's voice. She is the individual that you've been dealing with in preparing and filing this bankruptcy case.

MR. DEMETRAS: Yes, that's true, and we also appeared by Zoom in the IDI.

MR. DAY: Okay. Perfect. Yeah, one of these days hopefully the Chapter 11 meetings will start being done by video as well.

I believe the U.S. Trustee -- in fact, I know -- we solicited for a committee of

much. Hi, Ms. Hickey. Again, my name is Elsa Horowitz and I'm the counsel of secured Creditor, Loan Oak fund, that has the first deed of trust against the property.

I'd like to circle back on the $44 million valuation set forth in Schedule D. I believe you just testified that that was -- that number was arrived at about -- in or about August 2024 by way of an appraisal. That's correct, yes?

MS. HICKEY: Yes, yes.

MS. HOROWITZ: Who prepared that appraisal?

MS. HICKEY: You know, I don't know that offhand. It was an appraiser. I can provide that.

MS. HOROWITZ: Okay. That would be great and if your counsel could email us that to me. Are you -- I'm sorry?

MS. HICKEY: I think it was Clark & Walker. That's what I recall.

MR. DEMETRAS: That's okay. We will find out who prepared it, and we will email you the answer. Do you have a copy of that appraisal, Ms. Horowitz?

MS. HOROWITZ: I do not.

MR. DEMETRAS: Okay. So, we'll send you a copy of the appraisal and then if there's any other questions about it, just get in contact with me, please.

MS. HOROWITZ: I will. I'm actually going to ask a couple more questions now. Who arranged for that appraisal last year?

MS. HICKEY: It was done for Aminam.

MS. HOROWITZ: I'm sorry. You cut out. It was done for --

MS. HICKEY: It was done for Aminam.

MS. HOROWITZ: Okay. And do you know what the purpose of the appraisal was?

MS. HICKEY: Just to appraise the property valuation.

MS. HOROWITZ: So, just so that I'm clear, did you hire the appraiser or did Aminam hire the appraiser?

MS. HICKEY: I think I paid for it, but it was done for Aminam. We can find out.

MS. HOROWITZ: Do you know what if any information was provided to the appraiser prior to the appraisal being done?

MS. HICKEY: You know, I don't recall.

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certify that the foregoing transcript is a true and accurate record of the proceedings.



Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: August 22, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, a true and correct copy of **SECURED CREDITOR LONE OAK FUND, LLC'S EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE SUPPLEMENTAL DECLARATION OF RAELYNN HICKEY IN SUPPORT OF DEBTOR'S OBJECTION TO MOTION OF SECURED CREDITOR LONE OAK FUND, LLC FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION IN SUPPORT THEREOF** was served via the United States District Court CM/ECF system and/or electronic mail on all parties or persons requiring notice:

- SIMON ARON saron@wrslawyers.com
- CHAPTER 11 - RN USTPRegion17.RE.ECF@usdoj.gov
- J CRAIG DEMETRAS mail@demetras-oneill.com, jcd@demetraslaw.com
- ELSA M. HOROWITZ ehorowitz@wrslawyers.com, jlee@wrslawyers.com
- ROYI MOAS rmoas@wrslawyers.com, mshield@wrslawyers.com
- U.S. TRUSTEE - RN - 11 USTPRegion17.RE.ECF@usdoj.gov
- JARED A. DAY jared.a.day@usdoj.gov

By /s/ Jean Lee
Jean Lee, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP